1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GS HOLISTIC, LLC, | Case No. 23-cv-00751-LB |
| Plaintiff, | **ORDER REGARDING SERVICE** |
| v. | |
| CAIRO FUSION INC, et al., | |
| Defendants. | |

The court has questions about service. The default-judgment motion references only two proofs of service, ECF Nos. 21 (for Cairo Fusion) and 33 (for Mohamed Badaway).[1]

ECF No. 21 is for Cairo: it shows service on September 20, 2023, on "Mohamed Badaway, Registered Agent," at "5158 Monterey Hwy #10, San Jose, CA 95111," apparently to someone who did not identify himself but said that he was authorized to accept service. (This is not the business's address; the complaint lists it as 2026 Alum Rock Avenue, San Jose, California.[2]) But an attempt to serve Mr. Badaway at 5158 Monterey Avenue on September 23, 2023, failed

---

[1] Mot. – ECF No. 44 at 13. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Am. Compl. – ECF No. 14 at 2 (¶ 7).

United States District Court
Northern District of California

because the process server could not locate the address.[3] The motion does not explain how the plaintiff located the address, whether the address is good, and how it is tied to the defendants.

Another issue is that the Secretary of State's website lists Mr. Badaway as the registered agent at "24438 Fitz Street, Moreno Valley, CA 92551."[4] But an attempted service at that address shows that a resident there said that Mr. Badaway had moved.[5]

ECF No. 33 is for Mr. Badaway: the server served him on November 7, 2023, by substituted service on Farid Ebtjay, "Occupant," at the home located at "26033 Cape Dr Unit 135, Laguna Niguel, CA 92677–0917." On November 9, the server mailed a copy by first-class mail to this address.[6] The motion does not explain how the plaintiff identified the address and how it is tied to Mr. Badaway. (An earlier motion for an extension of time to serve Mr. Badaway explained the many efforts to locate him.[7])

Because the defaulting defendants have not appeared, the case ultimately will be reassigned via a report and recommendation, and it is important that the record be clear about effective service. Seemingly a declaration about how the addresses are tied to the defendants could correct the issue. If mail was sent there and was not returned undelivered, that presumably could be added to the declaration.[8]

For whatever utility it has for service on the corporation, the court excerpts below the standards for serving a corporation by substituted service, which may be useful. (It is a little broad: it covers corporations and partnerships because it is an excerpt from a recent order. But for efficiency reasons, the court excerpts it and does not tailor it to the facts here because the existing address may be viable.)

---

[3] Decl. of Non Serv. – ECF No. 24-5 at 1 ("I was unable to locate the address. The pin gif of this address location shows that it's in an apartment complex called The Woods[;] however their addresses only go up to 4500.").

[4] Cal. Sec'y of State Bus. Search, https://bizfileonline.sos.ca.gov/search/business (for Cairo Fusion, Inc.).

[5] Decl. of Non Serv. – ECF No. 24-4 at 1.

[6] Proof of Serv. – ECF No. 33 at 1, 4.

[7] Mot. – ECF No. 34 at 3 (¶ 10) (citing in part Decl. of Non Serv. – ECF No. 24-4, which lists 5158 Monterey Highway #10 as a bad address).

[8] Certificate of Serv. – ECF No. 46 (mailed default-judgement motion by first-class mail).

Before a court can exercise jurisdiction over a party, the party must receive notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule 4]." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

Rule 4(h) provides that a corporation or partnership must be served in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual (i.e., "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made") or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1).

"Under California law, a corporation or limited liability company can be served by delivering the summons and complaint to one of an enumerated list of individuals, including the designated agent for service of process or the general manager of the entity. In lieu of personal service on such individual, substitute service may be effected 'by leaving a copy of the summons and complaint during usual office hours in his or her office . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." *Johnson v. Huong-Que Rest.*, No. 21-cv-04133-BLF, 2022 WL 658973, at *2 (N.D. Cal. Mar. 4, 2022) (citing and quoting Cal. Civ. Proc. Code § 416.10) (other citation omitted); *see also* Cal. Civ. Proc. Code § 416.10 (rules for serving corporations); *id.* § 416.20 (service on corporation that has forfeited its right to do business); *id.* § 416.40 (rules for serving partnerships, other unincorporated associations, and nonresident business entities); Cal. Corp. Code § 17701.16(b) (service on LLCs); *Van v. Black Angus Steakhouses, LLC*, No. 5:17-cv-06329-EJD, 2018 WL 2763330, at *2–3 (N.D. Cal. June 8, 2018) (applying § 17701.16(b) to

nonresident LLC); *Heidorn v. BDD Mktg. & Mgmt. Co.*, No. C-13-00229-JCS, 2013 WL 6571629, at *7 (N.D. Cal. Aug. 19, 2013) (analyzing service under § 415.10 and observing that an LLC, including the nonresident LLC in the lawsuit, can be served under § 416.40).

The point of this is that service on the corporation at the business may establish the adequacy of service, first by substituted service on a person who said that he had the authority to accept service, and then efforts to serve thereafter by mail. That might be service "reasonably calculated to provide actual notice." *Mullane*, 339 U.S. at 314. The court also said previously that it has authorized service by email on individuals.[9]

The court asks for an update by July 24, 2024, either in the form of a declaration that addresses these issues or a proposal for service at a different address (potentially for the corporation). If the plaintiff intends to serve at any different address, one approach is to terminate the existing motion without prejudice, effect service, seek a new entry of default, and then re-notice the motion by a notice of motion that cross-references the earlier-filed motion (thus obviating the need to file a new motion), adding a supplemental declaration about service. If the plaintiff needs more time, it can ask for whatever time it needs in its July 24 filing.

**IT IS SO ORDERED.**

Dated: July 21, 2024

_____
LAUREL BEELER
United States Magistrate Judge

[9] Order – ECF No. 32.

ORDER – No. 23-cv-00751-LB                4