TOMAS C. LEON
(CA SBN 321117)
tommie@leon.law
(909) 616-5969
LEON LAW, LLP
1145 W. 55th Street
Los Angeles, CA 90037
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC, | No. 3:23-cv-00751-LB |
| Plaintiff, | |
| v. | **PLAINTIFF'S CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |
| KRISHNA DAHAL d/b/a FUSION SMOKE SHOP, | |
| Defendants. | |

The Plaintiff to the above-entitled action submits this CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. Jurisdiction & Service

This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement, counterfeiting, and false designation of origin and unfair competition pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). No issues exist regarding personal jurisdiction or venue. On September 17, 2024, Plaintiff served Defendant KRISHNA DAHAL d/b/a FUSION SMOKE SHOP. The Proof of Service was filed on November 19, 2024 [DE 61].

2. <u>Facts</u>

This is a civil action against the Defendants for trademark infringement, counterfeiting, and false designation of origin and unfair competition, under the Lanham Act (15 U.S.C. § 1051 et. seq.). In its Amended Complaint filed on July 26, 2024, the Plaintiff alleges that the Defendants offered for sale counterfeit goods bearing marks that infringed on several of the Plaintiff's federally registered trademarks and that such offers are likely to cause confusion as to the source of the counterfeit goods in the market [DE 54].

3. <u>Legal Issues</u>

Whether the Defendant offered for sale counterfeit goods under an infringing mark(s) and the amount of damages suffered by the Plaintiff for the Defendant's actions. Whether the offers for sale of counterfeit goods with marks resembling the Plaintiff's federally registered trademarks are likely to cause consumer confusion.

4. <u>Motions</u>

On November 27, 2024, the Plaintiff filed its Motion for Entry of Default as to the Defendant [DE 65]. The Clerk entered a Default as to the Defendant Krishna Dahal d/b/a Fusion Smoke Shop on November 29, 2024 [DE 66].

On January 27, 2025, the Plaintiff filed a Motion for Default Judgment against the Defendant [DE 67]. The Motion is currently pending. The Hearing for the Motion is set for 3/20/2025. [DE 67].

5. <u>Amendment of Pleadings</u>

On July 26, 2024, the Plaintiff filed an Amended Complaint to include the correct Defendants [DE 54].

6. <u>Evidence Preservation</u>

The Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

7. <u>Disclosures</u>

The Plaintiff will serve its initial disclosures pursuant to Fed. R. Civ. P. 26.

8. <u>Discovery</u>

No Discovery has been taken to date.

9. <u>Class Actions</u>

The case is not a class action.

10. <u>Related Cases</u>

There are no related cases pending.

11. <u>Relief</u>

The Plaintiff seeks statutory damages; treble damages; disgorgement of profits; costs of suit; injunction; and accounting. The range for statutory damages for the use of counterfeit marks is $1,000 to $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just, and if the court finds that the use was willful, up to ten (10) times that amount. The Plaintiff seeks the full amount of statutory damages awardable for willful infringement, plus costs, at this time.

12. <u>Settlement and ADR</u>

Settlement negotiations have not occurred yet, but the Plaintiff believes settlement between the parties is still plausible.

13. <u>Other References</u>

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. <u>Narrowing of Issues</u>

There are no issues that can be narrowed by agreement or by motion. There are no suggestions to expedite the presentation of evidence at trial. There is no request to bifurcate issues, claims, or defenses.

The three issues which are the most consequential to the case are **whether the Defendants' offer for sale of goods bearing counterfeit marks was willful, whether the offer for sale of**

**those goods caused a likelihood of confusion with regard to the Plaintiff's registered marks, and the amount of damages suffered by the Plaintiff.**

15. Expedited Trial Procedure

This is not the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

16. Scheduling

- Proposed dates:
- Completion of initial ADR session: by March 20, 2025
- Designation of experts: by April 15, 2025
- Discovery cut-off: by August 14, 2025
- Hearing of dispositive motions: by October 10, 2025
- Pretrial conference and trial: by November 19, 2025

17. Trial

The case will be tried by the Court and will last 3-4 days.

18. Disclosure of Non-party Interested Entities or Persons

The Plaintiff has file the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 with the following listed entities or persons: Chris Folkerts, GS Holistic, LLC, Leon Law, LLP, Tomas Carlos Leon, Krishna Dahal d/b/a Fusion Smoke Shop.

19. Professional Conduct

The Plaintiff's attorney has reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. Other

The Plaintiff is unaware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: 2/13/2025         /s/ *Tomas Carlos Leon*
                         Counsel for plaintiff

CASE MANAGEMENT ORDER

The above CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE